# United States District Court
## For The
## Western District of New York
### Buffalo Division

MICHELLE BROOKS-SEIBERT;
DARRYL SEIBERT,

      *Plaintiffs.*

v.

**14   CV 532   –S**

Civil Action No. _____

ERIC T. SCHNEIDERMAN, as
New York State Attorney General;
JOSEPH A. D'AMICO, as
Superintendent of the New York
Division of State Police,

      *Defendants.*

## COMPLAINT

### For Declaratory and Injunctive Relief Pursuant to 42 U.S.C. §1983

The Plaintiffs, Michelle Seibert and Darryl Seibert, moves thi Court for entry of

judgment in their favor against the Defendants, and in support of such complaint, aver as

follows:

### NATURE OF ACTION

1. This is a civil action pursuant to 42 U.S.C. §1983 seeking damages, declaratory,

   and injunctive relief against the Defendants for committing acts, under color of

   law, with the intent and for the purpose of depriving Plaintiffs of rights secured

   under the Constitution and laws of the United States; retaliating against Plaintiffs

for the exercise of their Second Amendment right to keep and bear arms within

their home for the lawful purpose of self-defense, and for refusing or neglecting to

prevent such deprivations and denials to the Plaintiffs.

## JURISDICTION

2.  This case arises under the United States Constitution and 42 U.S.C. §1983 and

    §1988, as amended. This court has jurisdiction in this matter pursuant to 28

    U.S.C. §1331 and §1343. The declaratory and injunctive relief sought is

    authorized by 28 U.S.C. §2201 and §2202, 42 U.S.C. §1983 and Rule 57 of the

    Federal Rules of Civil Procedure.

3.  Plaintiffs bring this action as a result of the state-issued denial of their attempt to

    lawfully procure and possess handguns for self-defense within their home.

4.  This court is an appropriate venue for this cause of action pursuant to 28 U.S.C.

    §1391(b)(1) and (b)(2). The actions complained of took place in this judicial

    district; evidence and records relevant to the allegations are maintained in this

    judicial district. Mr. and Mrs. Seibert both live within this judicial district, and

    thus would exercise their right to carry handguns for self-defense in their home

    within this judicial district.

## PARTIES

5.  Plaintiff Michelle Seibert is a citizen of the United States and a resident of West

    Seneca, Erie County, New York.

6.  Plaintiff Darryl Seibert is a citizen of the United States and a resident of West

    Seneca, Erie County, New York

2

7.  Defendant Eric T. Schneiderman is the Attorney General of the State of New York whose principal place of business is in Albany, Albany County, New York.

8.  Defendant Joseph A. D'Amico is the Superintendent of the New York Division of State Police whose principal place of business is in Albany, Albany County, New York.

9.  All defendants are being sued within his official capacity.

## FACTS

10. In 2008, the Supreme Court held that American citizens who are not prohibited from firearms ownership by a felony conviction or psychiatric illness have a fundamental right to keep handguns in their home for self-defense. District of Columbia v. Heller, 554 U.S. 570 (2008).

11. Darryl and Michelle Seibert are a married couple who reside in the Town of West Seneca, in the County of Erie and State of New York. Mrs. Seibert is employed with the Veterans Administration, and Mr. Seibert is a mechanic.

12. Both plaintiffs chose to exercise their purchase to keep a handgun in their home for self-defense.

13. Before doing so, they applied for a license to carry a handgun in Erie County because New York Penal Law §400.00 requires every resident to pay an application fee and obtain a license prior to lawfully taking possession of a handgun.

14. The Plaintiffs filled out the New York State application and paid their licensing fees.

15. Despite the requirement of New York Penal Law §400.00(2) that a license "shall be issued to have and possess in his dwelling by a householder", the actual application process did not allow the Plaintiffs to apply for a license to carry a firearm within one's home; rather, the Seibert's could only apply for a general New York State firearms license.

16. The Second Amendment guarantees of the right all citizens who are not prohibited from owning firearms, by reason of felony conviction or mental illness, to keep firearms in their home for self-defense. Heller, 544 U.S. 570 (2008).

17. After a fourteen-month waiting period from the time the Seiberts' applications were filed, the Erie County licensing officer denied the Plaintiff's application for a concealed carry license.

18. Heller and McDonald make it clear that state officers are not vested with the discretion of denying citizens a license to possess and carry a firearm within one's home for self-defense, apart from denials based on felony convictions or mental illness. Rather, a person who is not disqualified from owning firearms *must* be issued a license to carry a handgun in their home, if the state requires handgun licensing.

19. Here, neither plaintiff is not prohibited from purchasing firearms; both Mr. and Mrs. Seibert can pass a federal NICS background check, and are currently eligible to purchase and own long guns.

20. For these reasons, Mr. and Mrs. Seibert respectfully request declaratory and injunctive relief against the Defendants, declaring their right to own a

handgun in their home for the purpose of self-defense, and enjoining the

Defendants' from impairing their Second Amendment right by requiring the

Defendants to furnish Mr. and Mrs. Seibert with a license to carry a firearm in

the home for the purpose of self defense.

## CAUSES OF ACTION

### COUNT ONE
**Violation of Plaintiffs' Second Amendment Rights Pursuant to 42 U.S.C. §1983, §1988**
**(Against All Defendants)**

21. The foregoing allegations are incorporated as if re-alleged herein.

22. New York State violates the Plaintiffs' civil rights to carry a handgun in the
    purpose of self-defense in the home because it does not allow for the unlicensed
    possession of a firearm within the home, nor does it allow for the Plaintiffs' to
    apply for a license to carry a firearm in the home. If the Plaintiffs' do not satisfy
    the State's stringent requirement to obtain a generalized license to carry a
    handgun, they are prohibited by law from exercising a fundamental right.

23. Mr. and Mrs. Seibert have no recourse to obtain a license to carry a handgun in
    their home, and they are threatened with a charge of criminal possession of a
    firearm if they exercise their Second Amendment right to carry a handgun in their
    home without a state-issued license.

24. The New York State handgun license application further violates Heller and
    McDonald by requiring license applicants to give an explanation for owning a
    handgun, expressly informing them that self-defense is not a valid reason for the
    issuance of a handgun license.  This implies that the application of any citizen

justifying their reason for possessing a handgun for the purpose of self-defense in the home will be denied a handgun license.

25. Excluding self-defense as a justifiable reason for owning a handgun is a gross violation of the McDonald standard, where the Supreme Court held that the right to possess handguns in the home for self defense is a fundamental right protected under the Due Process clause of the Fourteenth Amendment. McDonald v. City of Chicago, 130 S.Ct. 3020 (2010).

26. Defendants acted intentionally and with callous disregard for Mr. and Mrs. Seibert's clearly established constitutional rights.

27. As a direct result of the actions and/or policies of the Defendants, the Seiberts suffered an unconstitutional deprivation of their rights under the Second and Fourteenth Amendments to the United States Constitution.

28. Defendants act intentionally and with callous disregard for Mr. and Mrs. Seiberts' known statutory and constitutional rights.

29. As a direct and proximate result of the Defendants' violations of the Seiberts' statutory and constitutional rights as described herein, Mr. and Mrs. Seibert have suffered litigation expenses including attorney fees, inconvenience, damage to reputation, embarrassment, and violation of their right to keep and bear arms as protected under the Constitution as well as other compensatory damages, in an amount to be determined by a jury and this Court.

**COUNT TWO**
**Unlawful Restraint on Exercise of Civil Rights Pursuant to 42 U.S.C. §1983, §1988**
**Unconstitutional Licensing Tax Imposed on Plaintiffs' Attempted Exercise of a**
**Fundamental Right**
**(Against All Defendants)**

30. The foregoing allegations are incorporated as if re-alleged herein.

31. New York State's handgun licensing scheme unconstitutionally imposes a monetary charge on the Plaintiffs for the enjoyment of their right to keep and bear arms in the home for self-defense, a fundamental right granted by the Second Amendment to the United States Constitution.

32. A state may not impose a charge for the enjoyment of a fundamental right granted by the United States Constitution. Murdock v. Pennsylvania, 319 U.S. 105 (1943).

33. The power to tax the exercise of a privilege is the power to control of suppress its enjoyment. Magnano Co. v. Hamilton, 292 U.S. 40, 44.

34. Here, the State imposes a fee on every person who attempts to exercise their Second Amendment right to keep and bear arms within the home for self-defense. According to New York State Penal Law §265, anyone who attempts to exercise their Second Amendment right to possess a handgun in their home for self-defense must first obtain a license in their county of residence.

35. Pursuant to Murdock, the fact that a licensing tax does not actually suppress the exercise of a fundamental right is not enough for such fee to meet the burden of constitutionality.

36. Here, the State imposes a fee on every person who attempts to exercise their Second Amendment right to keep and bear arms within the home for self-defense. According to New York State Penal Law §265, anyone who attempts to exercise their Second Amendment right to possess a handgun in their home for self-defense must first obtain a license in their county of residence.

37. As a direct and proximate result of the Defendants' violations of the Seiberts' statutory and constitutional rights as described herein, Mr. and Mrs. Seibert have suffered litigation expenses including attorney fees, inconvenience, damage to reputation, embarrassment, and violation of their right to keep and bear arms as protected under the Constitution as well as other compensatory damages, in an amount to be determined by a jury and this Court.

## INJURY

38. Defendant Eric Schneiderman, as Attorney General of the State of New York, must prosecute and defend all actions and proceedings in which the state is interested. . ." New York State Executive Law §63(1).

39. The Executive Law requires defendant Joseph D'Amico to enforce the criminal and administrative provisions of Penal Law. New York State Executive Law §223, New York State Penal Law §400.02.

40. As a proximate cause of the administration and enforcement of above provisions by defendants as aforesaid, Plaintiffs have been, and will continue to be, subjected to irreparable harm of being unable to carry a handgun in their home for the lawful purpose of self-defense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Michelle Seibert and Darryl Seibert, request judgment against Defendants as follows:

I.      For appropriate declaratory relief declaring the Plaintiffs' right to purchase and possess handguns in their home for the lawful purpose of self-defense.

II.     For appropriate compensatory damages in an amount to be determined at trial.

8

III.   For appropriate equitable relief against all Defendants as allowed by the Civil
       Rights Act of 1871, 42 U.S.C. §1983, including the enjoining and permanent
       restraining of these violations, and direction to Defendants to take such
       affirmative action as is necessary to ensure that the effects of the
       unconstitutional and unlawful practices are eliminated and do not continue to
       affect Plaintiff's, or others', right to carry handguns in the home for self-
       defense.

IV.    Ordering the Defendants to issue Plaintiff Michelle Seibert a license to carry a
       handgun in her home for self-defense.

V.     Ordering the Defendants to issue Plaintiff Darryl Seibert a license to carry a
       handgun in his home for self-defense.

VI.    Enjoining the Defendant's from wrongfully and unconstitutionally informing
       the plaintiffs that self-defense is not a valid reason to exercise the Second
       Amendment right to keep and bear arms.

VII.   For an award of reasonable attorney's fees and costs expended as to such
       Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1988; and

VIII.  For such other and further relief to which Plaintiffs may show themselves
       justly entitled.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                              Respectfully Submitted

                              James D. Tresmond, Esq.
                              *Attorney for the Plaintiffs*

9

BY: James D. Tresmond, Esq.
Tresmond Law
The Liberty Building
424 Main Street
Suite 1816
Buffalo, New York 14202
Tel. (716) 858.3115
Fax (716) 858.3116*
info@tresmondlaw.com*
*Not for electronic service of process